IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| RUSSELL L. EBERSOLE, d/b/a ABERDEEN ACRES PET CARE CENTER, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:12cv26 (JCC/TRJ) ) ) |
| BRIDGET KLINE-PERRY, | ) ) |
| Defendant. | ) |

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff's Motion in Limine to Exclude Various Witnesses [Dkt. 52] and Plaintiff's Motion in Limine Asking the Court to Take Judicial Notice of Various Facts [Dkt. 56].  For the following reasons, the Court will grant in part and deny in part Plaintiff's Motion in Limine to Exclude Various Witnesses and deny without prejudice Plaintiff's Motion in Limine Asking the Court to Take Judicial Notice of Various Facts.

### I. Background

This case concerns allegedly libelous statements made by Defendant Bridget Kline-Perry about Plaintiff Russell Ebersole.  Ebersole is a resident of Maryland, who owns and operates a sole proprietorship named Aberdeen Acres Pet Care Center ("Aberdeen Acres").  (Am. Compl. [Dkt. 31] ¶ 1.)

1

Aberdeen Acres is in the business of boarding, grooming, and training pets.  (Am. Compl. ¶ 6.)  Kline-Perry is a resident of Virginia, who operates a sole proprietorship known as Norsire Farms.  (Am. Compl. ¶¶ 3, 10.)  Norsire Farms specializes in breeding horses.  (Am. Compl. ¶ 10.)

Kline-Perry was the breeder of a male German Shepherd named "Zeus."  (Am. Compl. ¶ 11.)  Zeus was sold to and is currently owned by Bill and Georgie Straub, long-standing customers of Ebersole and Aberdeen Acres.  (Am. Compl. ¶ 11-12.)  Kline-Perry has never engaged in business with Ebersole or Aberdeen Acres.  (Am. Compl. ¶ 13.)  In November 2011, Kline-Perry began to publish allegedly libelous statements about Ebersole and his business in various e-mails, Facebook postings, and local news media websites.  (Am. Compl. ¶¶ 20-21.)  These publications generally accuse Ebersole of animal abuse and characterize him as a "monster" and a "con man."  (*See, e.g.*, Am. Compl. ¶¶ 22-23, 25-26, 37, 39.)

On December 13, 2011, Ebersole, proceeding *pro se*, filed suit in Loudon County Circuit Court.  [Dkt. 1.]  In the complaint, Ebersole alleged three counts of libel and sought $1 million in compensatory damages and $350,000 in punitive damages.  On January 9, 2012, Defendants timely removed the action to this Court on the basis of diversity jurisdiction.  [*Id*.]  Ebersole subsequently retained counsel [Dkt. 14] and

2

filed an Amended Complaint on March 23, 2012 [Dkt. 31].  In the Amended Complaint, Ebersole alleges two counts of libel, statutory conspiracy, and tortious interference.

On May 29, 2012, Ebersole filed a Motion in Limine to Exclude Various Witnesses. [Dkt. 52.]  In this motion, Ebersole seeks to exclude various witnesses based on incomplete and/or untimely disclosure.  Ebersole also seeks to preclude one lay witness from testifying about purportedly privileged information and an expert witness from testifying about the causation element of Ebersole's lost income claim.  On June 1, 2012, Ebersole filed a Motion in Limine Asking the Court to Take Judicial Notice of Various Facts.  [Dkt. 56.]  Kline-Perry filed oppositions on June 12, 2012 [Dkts. 60, 61] to which Ebersole replied on June 14, 2012 [Dkts. 63, 64].

Plaintiff's motions are before the Court.

## II.  Standard of Review

A. <u>Motion in Limine to Exclude Various Witnesses</u>

1. <u>Federal Rules of Civil Procedure 26 and 37</u>

Federal Rule of Civil Procedure 26 is the general rule governing discovery and dictates that "a party must, without awaiting a discovery request, provide to the other parties: the name, and if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party

3

may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).  Rule 26(a)(3) provides for the complete pretrial identification of witnesses and exhibits as guided by the subsections in the Rule.  Fed. R. Civ. P. 26(a)(3). Relevant here is the requirement imposed by subsection (a)(3)(A)(i), which provides that:

> [A] party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
>
> > (i) the name and, if not previously provided, the address and telephone number of each witness -- separately identifying those the party expects to present and those it may call if the need arises;

Fed. R. Civ. P. 26(a)(3)(A)(i).  Each party has an ongoing duty to timely supplement or correct its Rule 26(a) disclosures should additional or corrective information come to light that has not otherwise been disclosed during the discovery process. Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) addresses the failure to make a disclosure under Rule 26(a) or (e), providing that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  In deciding whether nondisclosure of a

witness is substantially justified or harmless, a court should consider the following factors: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony. *S. States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). The court has "broad discretion" in making this determination. *Id.* at 597.

The Rule 16(b) Scheduling Order in this case distinguishes between case-in-chief information and rebuttal or impeachment information for purposes of the Rule 26(a)(3) disclosures. (*See* Rule 16(b) Scheduling Order [Dkt. 4].) The Rule 16(b) Scheduling Order provides that non-expert witnesses "not so disclosed and listed will not be permitted at trial except for impeachment or rebuttal, and no person may testify whose identity, being subject to disclosure or timely requested discovery, was not disclosed in time to be deposed or to permit the substance of his knowledge and opinions to be ascertained." (*Id.*)

### 2.  Federal Rule of Evidence 702

The testimony of expert witnesses is governed by Federal Rule of Evidence 702. Rule 702 provides that a witness

who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

### B. Motion in Limine to Take Judicial Notice of Various Facts

Judicial notice is a court's recognition of evidence without formal proof. 31A C.J.S. Evidence § 11 (2012). Laws -- including statutes and formal rules and regulations -- are subject to judicial notice because they are matters of public record and common knowledge. *See Ambling Mgmt. Co. v. Univ. View Partners, LLC*, No. WDQ-07-2071, 2011 WL 3563156, at *2 (D. Md. Aug. 10, 2011).

## III. Analysis

### A. Motion in Limine to Exclude Various Witnesses

In his Motion in Limine to Exclude Various Witnesses, Ebersole seeks to exclude the testimony of the following witnesses: Meghan Weller, Emily Cleveland, Michelle Moore,

Meghan Moreland, and Sarah Greenhalgh.[1] If Weller is not excluded as a witness, Ebersole seeks to prohibit her from testifying about privileged information she may have obtained regarding Ebersole's prior criminal and bankruptcy matters. Lastly, Ebersole moves to preclude Leslie Robson, an expert witness identified by Kline-Perry, from testifying as to the issue of causation. The Court addresses each witness in turn.

### 1. Weller and Cleveland

Ebersole argues that Weller and Cleveland should be precluded form testifying at trial because Kline-Perry failed to provide their contact information as required by Rule 26(a)(3). Kline-Perry identified Weller and Cleveland in her initial Rule 26(a) disclosure filed on March 12, 2012, and in answers to interrogatories served on April 6, 2012. In the answers to interrogatories, Kline-Perry provided an address at which Weller receives mail (but not her actual residence) as well as a phone number. For Cleveland, she merely provided an address.

Kline-Perry explains that Weller and Cleveland are former employees of Ebersole's. Apparently Weller would not provide her actual residence to Kline-Perry because of threats made against her by Ebersole. Weighing the factors set forth in *Southern States*, the Court concludes that both Weller and

---

[1] Ebersole also initially moved to exclude Matt Philips, arguing that Kline-Perry had failed to disclose his existence prior to the close of discovery. As Kline-Perry pointed out in her opposition, Philips was in fact disclosed in her responses to Ebersole's interrogatories, filed on April 6, 2012. In his reply brief, Ebersole acknowledges his oversight and withdraws his motion as to Philips.

7

Cleveland should be permitted to testify. There is little surprise to Ebersole given that both witnesses were disclosed in Kline-Perry's initial Rule 26(a) disclosure. And, in her answers to interrogatories, Kline-Perry included a detailed description of instances of animal abuse by Ebersole that Weller and Cleveland allegedly observed while in his employment.

Ebersole makes no representation that he was unable to contact or depose Weller and Cleveland because of the omitted contact information. Moreover, at least some of the omitted information was allegedly due to threats made by Ebersole -- an allegation Ebersole does not deny in his reply brief. Finally, given the witnesses' alleged observations of animal abuse, which goes to the truth or falsity of the allegedly libelous statements, the testimony these witnesses would provide is important.[2] For these reasons, the Court concludes that the contact information omitted was substantially justified and harmless.

Ebersole further notes that Weller is a former secretary of an attorney, Spencer Ault, who previously represented him in criminal and bankruptcy matters. Weller's employment with Ault and Ault's representation of Ebersole overlapped. For this reason, Ebersole believes that Weller may

---

[2] While the importance of testimony can in some instances accentuate the prejudice to the other party, and hence also militate in favor of exclusion, *see United States v. English*, No. 5:07-HC-2187-D, 2012 WL 683542, at *3 (E.D.N.C. Mar. 2, 2012), that is not the case here given the Court's conclusion that Weller and Cleveland pose no surprise to Ebersole.

have acquired privileged information related to the criminal and bankruptcy matters. Ebersole requests that the Court issue an Order precluding Weller from testifying "as to any matter connected with Mr. Ebersole's bankruptcy or his criminal history," so as to avoid the risk of a breach of attorney-client privilege. Kline-Perry responds that she intends to call Weller as a witness with knowledge regarding Ebersole's alleged animal abuse, and not privileged information concerning Ebersole's bankruptcy and criminal history. Thus, this portion of the motion in limine is moot.

### 2. Moore

Moore is another of Ebersole's former employees who allegedly witnessed animal abuse. Moore apparently left her employment with Ebersole in August 2011. Kline-Perry did not disclose Moore as a witness until she supplemented her initial Rule 26(a) disclosure on May 10, 2012 -- the day before discovery was set to close. Kline-Perry states that Moore's identity did not become known until "quite late" in the discovery process. However, she fails to explain why she was unable to identify Moore in a timely manner but was able to identify some of Ebersole's former employees, such as Weller and Cleveland, in time for her initial Rule 26(a) disclosure. Kline-Perry also asserts that Moore poses no surprise to Ebersole because, as a former employee, her identity, knowledge,

9

and contact information were well known to him. But it does not follow that Ebersole is aware of Moore's knowledge merely because she used to work for him; nor does it follow that he would have her correct contact information months after she left his employment. Because Moore was not disclosed until one day before the discovery deadline, Ebersole clearly lacked the opportunity to depose her. In short, Kline-Perry fails to demonstrate that her untimely disclosure of Moore was substantially justified or harmless. Accordingly, Moore is precluded from testifying at trial except for impeachment purposes.

### 3. Moreland

Moreland is an animal control officer in Frederick County who handled a criminal investigation involving Ebersole. She was identified in Kline-Perry's initial Rule 26(a) disclosure. Ebersole seeks to preclude Moreland's testimony, however, on the ground that Kline-Perry failed to provide her contact information. In response, Kline-Perry contends that Moreland was sufficiently identified such that Ebersole could have located her if he wished. The Court agrees. Moreland was identified in the initial Rule 26(a) disclosure as a Frederick County animal control officer with knowledge of the Ebersole's criminal investigation as well as his reputation in the community. The Frederick County animal control office has a

website on the internet complete with contact information. *See* https://frederickcountymd.gov/index.aspx?NID=15. Further, Ebersole makes no assertion that he attempted to contact Moreland and was unable to do so, or that he sought to obtain Moreland's contact information from Kline-Perry. Under these circumstances, the Court concludes that Kline-Perry's failure to provide contact information was harmless. Moreland is permitted to testify at trial.

### 4. Greenhalgh

Greenhalgh wrote a series of news articles about Ebersole and interviewed him regarding the allegations of animal abuse. Kline-Perry did not identify Greenhalgh as a witness until she supplemented her initial Rule 26(a) disclosure on May 10, 2012. Apparently, Kline-Perry did not originally expect any of Greenhalgh's knowledge to be relevant to this case. Kline-Perry changed her mind, however, once Ebersole suggested at his May 2, 2012, deposition that he intends to argue that Kline-Perry's conduct is the cause of the news stories and of the criminal investigation against him. She then decided that Greenhalgh might be needed to rebut Ebersole's allegations, and identified Greenhalgh as a witness eight days later. As with Moore, discussed *supra*, the disclosure occurred the day before the discovery deadline. As such, Ebersole did not have time to depose her. While Kline-Perry asserts that she initially did

11

not expect Greenhalgh to have relevant information, she also states in her opposition that many of the statements she made about Ebersole were in response to news articles, and that Greenhalgh's articles were the means by which she became aware that Ebersole's former employees allegedly knew of animal abuse. Thus, Kline-Perry presumably knew of Greenhalgh's identity at the time of her initial Rule 26(a) disclosure -- when she disclosed former employees like Weller and Cleveland.  And, given Greenhalgh's investigation of animal abuse by Ebersole, Kline-Perry had reason to believe that Greenhalgh *likely* had discoverable information.  *See* Fed. R. Evid. 26(a)(1)(A)(i). Accordingly, Kline-Perry fails to demonstrate that the untimely disclosure was substantially justified or harmless.  Greenhalgh is precluded from testifying except for impeachment purposes.

### 5.   Robson

Leslie Robson is an expert witness identified by Kline-Perry for purposes of evaluating Ebersole's claim for lost income.  Based on his curriculum vitae, Robson is a certified public accountant, a certified valuation analyst, and certified in financial forensics. (*See* Curriculum Vitae [Dkt. 37-1 App. 1].)  Robson's expert report addresses, in part, the causation element of Ebersole's lost income claim. (*See* Expert Report [Dkt. 37-1] at 4-5.)  Ebersole seeks to preclude Robson from testifying as to the issue of causation, and argues that any

12

such testimony is inadmissible under Federal Rule of Evidence 702.[3] Kline-Perry represents that she does not intend to elicit testimony from Robson as to causation. In fact, she is of the position that the issue of causation is "not one that requires expert testimony." (Opp. [Dkt. 60] at 9.) As such, this portion of the motion in limine is moot.

      B.    <u>Motion in Limine to Take Judicial Notice of Various Facts</u>

Ebersole asks the Court to take judicial notice of various "facts," which are actually legal in nature. Among the allegedly libelous statements in this case are accusations that Ebersole violated the law by training dogs without a license and by training service animals for people without handicaps. Ebersole argues that, because he must prove that these statements are false to succeed on his libel claims, laws on dog training -- specifically with respect to service dogs -- are relevant to this action.

Contrary to Kline-Perry's assertion, the Court may take judicial notice of law. *See Ambling Mgmt.*, 2011 WL 3563156, at *2. It is also true, as Ebersole points out, that the Federal Register Act requires judicial notice of federal regulations. *See Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312, 325 n.19 (1st Cir. 2004) (per

---

[3] Ebersole also argues that the testimony is inadmissible pursuant to Federal Rule of Evidence 403 because it is substantially more prejudicial than probative. *See* Fed. R. Evid. 403.

13

curiam) (citing 44 U.S.C. § 1507). Still, for the Court to take judicial notice of a matter, including law, that matter must be relevant. *See United States v. Wolny*, 133 F.3d 758, 765 (10th Cir. 1998) (affirming district court's refusal to take judicial notice of a federal regulation because "[w]e cannot imagine that, in enacting § 1507, Congress intended to override Rule 402, and make judicial notice mandatory, when a matter that appeared in the Federal Register is irrelevant to the proceeding at hand").

  The Court concludes that it is premature to take judicial notice of Ebersole's proposed "factual findings" at this juncture. Whether the proposed "factual findings" are relevant will depend on which of the allegedly libelous statements this Court deems to contain provably false statements as opposed to mere statements of opinion. *See Hyland v. Raytheon Technical Servs. Co.*, 277 Va. 40, 47 (Va. 2009) ("[B]efore submitting a defamation claim to a jury, a trial judge must determine as a matter of law whether the allegedly defamatory statements contain provably false factual statements or are merely statements of opinion."). This is a determination that will be made based on the evidence presented at trial. As such, the Court concludes that the relevance of Ebersole's proposed "factual findings" will also be better assessed at

trial.[4]  Accordingly, Ebersole's Motion in Limine Asking the Court to Take Judicial Notice of Various Facts is denied without prejudice.

### IV.  Conclusion

For these reasons, the Court will grant in part and deny in part Plaintiff's Motion in Limine to Exclude Various Witnesses and deny without prejudice Plaintiff's Motion in Limine Asking the Court to Take Judicial Notice of Various Facts.

An appropriate Order will issue.

|  |  |
|---|---|
| July 5, 2012 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |

---

[4] The Court also questions whether judicial notice is proper given that some of the proposed "factual findings" are negative propositions based on Ebersole's failure to find legal authority. (See Judicial Notice Mem. [Dkt. 57] at 8-9.)  Indeed, Ebersole acknowledges that he "has been unable to identify any federal law requiring private dog trainers to be certified, licensed or trained" and that "Virginia has very few laws concerning dog training generally." (Judicial Notice Mem. at 5.)  However, judicial notice of law generally pertains to its content and existence, rather than its absence. See United States v. Sauls, 981 F. Supp. 909, 925 n.10 (D. Md. 1997) (noting that courts can take judicial notice of statutes and the Code of Federal Regulations; "that is, their existence and contents") (emphasis added).  The parties must address this issue, should Ebersole renew his request for judicial notice at trial.