**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| RUSSELL L. EBERSOLE, ) <br> d/b/a ABERDEEN ACRES PET ) <br> CARE CENTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRIDGET KLINE-PERRY, ) <br> ) <br> Defendant. ) | Civil Action No. 1:12cv26 |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS
PURSUANT TO VA. CODE § 18.2-500**

Comes now your Plaintiff, Russell L. Ebersole, d/b/a Aberdeen Acres Pet Care Center, by and through counsel, and files this memorandum in support of his petition for attorney fees and costs pursuant to Virginia Code § 18.2-500, stating as follows:

**Introduction**

In this case, Mr. Ebersole, despite great obstacles, has proven by clear and convincing evidence that the Defendant, Bridget Kline-Perry engaged in a statutory conspiracy or attempted conspiracy to harm Mr. Ebersole's business intentionally, purposefully, and without lawful justification through a series of emails and or Facebook postings attacking Mr. Ebersole with false allegations and imputations, in violation of Virginia Code § 18.2-499. The jury concluded, despite Defendant's arguments to the contrary, that Mr. Ebersole had proven that this conspiracy or attempted conspiracy caused him damages. [Docket 83]

In the Commonwealth, conspiracies and attempted conspiracies to harm a business are considered grave matter. Virginia Code § 18.2-499 classifies such conduct as a Class 1

1

misdemeanor, punishable by up to a year in jail plus a fine. Moreover, Virginia Code § 18.2-500 provides the extraordinary remedy of granting a statutory cause of action for such conspiracies or attempted conspiracies, mandating the award of triple the damages actually proven by the plaintiff, plus the costs of the suit and a reasonable fee for the plaintiff's counsel, treating this conduct as akin unfair or deceptive trade practices. *Compare* Va. Code § 18.2-499 to -500, *with* Virginia Consumer Protection Act, Va. Code § 59.1-204 (authorizing treble damages, attorney fees, and court costs with willful violations of the Virginia Consumer Protection Act).

Logic and justice support the award of attorney fees and costs in a conspiracy to harm a business claim. The difficulty of proving a conspiracy would dissuade many attorneys from representing litigants with such claims, especially as the victim may not have significant financial resources after the harm caused by such a conspiracy. Virginia's General Assembly therefore permits the award of attorney fees and costs so as to facilitate justice. This award is not intended to be punitive, *see* Va. Code § 17.1-600, but it is merely intended so that the conspirator cannot escape the consequences of his or her action. In this case, the Defendant's misconduct with her coconspirators created the need for legal action. The fee shifting reimburses the Plaintiff for what it cost him to vindicate his rights and holds to account the violator of state law. *Cf.* Fox v. Vice, 131 S. Ct. 2205, 2213 (2011). Moreover, to further balance the interest and eliminate potential frivolous claims, the General Assembly established the burden of proof in a conspiracy case as one of clear and convincing evidence, which Mr. Ebersole has met in this case.

Plaintiff now petitions this Court for the award of his attorney fees and costs.

**Relevant Fact Beyond Those Heard at Trial**

As this Court has already heard two days of testimony in this case, Mr. Ebersole will not reiterate the facts presented at trial, though he will reference them in his argument below. The Court, however, may not be fully aware of some facts relevant to this petition, and those facts are stated here.

Mr. Ebersole initially filed a pro se defamation action against Defendant in the Circuit Court for Loudoun County, Virginia. [Docket 1] Defendants chose to remove this case to federal court on diversity of citizenship. [Docket 1] Defendant's choice to remove this suit, while legally permissible, affected the costs of this litigation by increasing the pleading obligations of both parties and placing the entire case on the expedited litigation schedule adopted by this Court, thereby increasing the necessary time and attention on the case and Mr. Ebersole's need for counsel's assistance on this case. Mr. Ebersole retained counsel after the suit had been removed, and after he had moved this court to permit him to amend his complaint to add the conspiracy claim, which motion this Court subsequently granted. [Docket 10, 14] Mr. Ebersole's counsel therefore entered this case after the conspiracy to harm a business became an issue in this case.

Mr. Ebersole retained the firm of Thomas H. Roberts and Associates, P.C., in Richmond, Virginia, to defend him. As stated in the affidavit of Thomas H. Roberts, Esq., the firm has earned a reputation for taking on novel and complex matters in the area of civil rights and general litigation. The firm consists of only three attorneys, and is therefore selective about the cases it handles.

Some of the various factors complicating this case include Mr. Ebersole prior convictions; his bankruptcy which was ongoing at the time; his limited resources as a result in

part from the decline in his gross sales since November 2011, precluding him from retaining the assistance of non-attorney experts; the volume of documents involved in this case (over 1700 pages); the fact that witnesses and evidence relevant to this litigation was located across Virginia and Maryland; the relative novelty of applying statutory conspiracy to Facebook postings; the difficulty of disproving the general allegations made by Defendant concerning the illegality of his conduct and the "scams" he was allegedly engaged in; the fact of the ongoing criminal investigation related to this case; the difficulty of proving damages that could be tied specifically to defendant's conduct; and the substantial likelihood of jury prejudice against Mr. Ebersole.

The standard hourly rates for Thomas H. Roberts and Associates, P.C. are as follows: Thomas H. Roberts, Esq., $365/hr.; Joshua M. Didlake, $265/hr.; Andrew T. Bodoh, $250/hr.; paralegal rate, $165/hr.; administrative rate, $50/hr. Mr. Roberts' fee is 27.7 percent below the U.S. Attorney Office's Laffey Matrix rate for 2012-2013, and 51.5 percent below the current rate set in Updated Laffey Matrix (20+ years' experience). Mr. Didlake's fees are 8.6 percent below the U.S. Attorney Office's Laffey Matrix rate and 30.8 percent below the current rate on the Updated Laffey Matrix (4-7 years' experience). Mr. Bodoh's rate is 2.0 percent above the U.S. Attorney Office's Laffey Matrix rate and 19.9 percent below the current rate on the Updated Laffey Matrix (1-3 years' experience).

## Law

Virginia Code § 18.2-500(a) provides, "Any person who shall be injured in his reputation, trade, business or profession by reason of a violation of § 18.2-499, may sue therefor and recover three-fold the damages by him sustained, and the costs of suit, including a reasonable fee to plaintiff's counsel . . . ."

In determining the reasonableness of attorney fees, the Court looks to the lodestar amount, that is, the reasonably hourly rate multiplied by the hours reasonably expended. *See* Grissom v. The Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008). The Court's assessment of the reasonable rate is considers the following factors from Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

The burden rests with the fee applicant to establish the reasonableness of a requested rate. Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990).

Similarly, in conspiracy to harm a business claim, the Virginia Supreme Court has stated that the fact-finder should consider "the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances." Tazewell Oil Co. v. United Virginia Bank/Crestar Bank, 243 Va. 94, 112 (Va. 1992) (citing Mullins v. Richlands National Bank, 241 Va. 447, 449 (1991)). This may include a reasonable estimate of the future value of services to be rendered. Mullins, 241 Va. at 449. According to the Virginia Supreme Court, expert testimony is not always necessary, and affidavits and detailed time records supporting the claim of attorney fees may suffice. Tazewell Oil Co., 243 Va. at 112. The Virginia Supreme Court has overturned awards based simply on a percentage of the amount recovered as having no relation to the attorney's time and effort or to the nature of his services. Mullins, 241 Va. at 449.

Tazewell Oil Co., 243 Va. 94, is instructive here. In that case, the Plaintiff successfully prosecuted a statutory conspiracy claim under Virginia Code § 18.2-500, and the Plaintiff subsequently submitted to the trial court almost 300 pages of contemporaneous time records detailing the activities for which fees were sought as also affidavits of its attorneys upon the reasonableness of the hourly rates charged and the accuracy of the time billed. Defendant raised various objections, including the assertion that the attorney fees should be reduced because other claims were involved in the suit against the Defendant and other consolidated suits were also prosecuted in the same trial. *See* id. at 109-12. The trial court concluded based on the evidence presented at trial, and the Virginia Supreme Court affirmed, that the fees would have been substantially the same whether additional defendants had been involved and whether additional, factually intertwined but legally distinct counts had been brought. No experts were presented in support of the fees, but the trial court awarded attorney fees and costs in the about of $472,000.00, which included $47,000 for attorney fees and costs incurred following trial. The Supreme Court affirmed the trial court's award.

On the issue of costs, Virginia law grants the Court broad discretion in determining the costs that should be taxed against the defendant in any case, much less a case in which the statute mandates the award of "the costs of suit." While federal law limits the types of costs that may ordinarily be taxed against the defendant, *see* 28 U.S.C. §§ 1821 and 1920, the costs awarded in Virginia may include "every . . . sum which the court may deem reasonable." Virginia Code § 17.1-626.

## Argument

*Basis of Fees Requested and Their Reasonableness*

The fees requested in this case are calculated using the standard hourly rates for Thomas H. Roberts and Associates, P.C., and multiplying it by the hours actually expended in this case. This is reduced by a few non-billable hours or fee-reduced hours. As of August 3, 2012, the fees totaled **$119,915.75**, representing 436.1 billable attorney hours and 37.6 administrative or paralegal hours.

As stated above, the attorney hourly rates in this case vary from 2 percent above the rates established in the current U.S. Attorney Office's Laffey Matrix to almost 28 percent below that amount. Using these actual rates, as opposed to the U.S. Attorney's Office Laffey Matrix reduces the overall fees requested by approximately 8 percent. A review of the 2011 *National Law Journal*'s survey of attorney rates shows that these attorney rates are comparable to far below the rates charged by the D.C. firms surveyed. According to the report to Dennis Whelan, an attorney with substantial experience in the Eastern District of Virginia, the rates requested in this case are comparable and generally coincide with the then prevailing market rates of attorneys in the Eastern District of Virginia of similar skill and for similar work and the overall time spent on this matter is reasonable.

*The Kimbrell Factors*

Applying the twelve factors from Kimbrell also shows that the rates requested are reasonable:

1. **The time and labor expended** -The total hours expended in this case, approximately 500, is reasonable. This case was initially filed pro se, but plaintiff's counsel was hired shortly after the case was removed to federal court. Discovery in this case involved approximately 1700

pages of evidence, consisting largely of small-typed emails, Facebook, and Internet postings, bankruptcy documents, and financial records, all of which had to be reviewed and sorted reviewed to piece together the story in this case. The docket shows the extensive pleadings initiated by each side in this case. Additionally, in the absence of a financial expert for Mr. Ebersole, his counsel shared the burden of preparing financial materials requested by opposing counsel and analyzing Defendant's expert financial analysis in this matter.

2. **The novelty and difficulty of the questions raised** - As this court is aware, this case did involve a few novel or relatively novel issues of law, including the application of Virginia Code § 18.2-499 and -500 to defamatory emails and Facebook postings, the question of judicial notice on the absence of law, the issue of attempted conspiracy, etc. Additionally, the facts of this case added serious difficulties to prosecuting this case successfully. Mr. Ebersole's prior convictions and the outstanding allegations against him created a substantial risk of jury prejudice. There were also serious difficulties in proving damages as a result of the numerous sources attacking Mr. Ebersole and the mixture of fact and fiction in the Defendant's posts. Finally, the fact that there was an ongoing bankruptcy and this involved claims of lost profits to a business affected the difficulty of this case and the time required to properly prosecute it. These difficulties are particularly reflected in the hours spent in preparing the jury instructions, various pleadings, discovery, legal research, and preparation for trial.

3. **The skill required to properly perform the legal services rendered** - Given the difficulties described above, particularly the risk of prejudice, Mr. Ebersole's prior convictions, the difficulty in proving damages, and the involvement of an alleged business loss, the skill required to properly perform the legal services rendered was above what would ordinarily be required for a defamation-based litigation.

4. **The attorney's opportunity costs in pressing the instant litigation** - The firm's opportunity costs were notable in this case, because this case involved the expedited litigation schedule, yet the plaintiff's firm remains a three-attorney firm. In approximately seven months, this firm has billed nearly 500 hours in this case in its successful effort to help vindicate Mr. Ebersole and his business and hold the defendant responsible for the conspiracy to harm Mr. Ebersole's business.

5. **The customary fee for like work** - Given the difficult facts of this case and the risks of litigation, it is eminently reasonable that Plaintiff's firm would charge hourly fees in this case. This fee petition seeks to recover the full amount for the time spent on this case at the standard hourly rates for Thomas H. Roberts and Associates, P.C. As noted above, these rates are competitive or even generous for attorneys in the D.C. Metropolitan area.

6. **The attorney's expectations at the outset of the litigation** – The attorney expectations are expressed in this fee petition, namely to be compensated for its time spent at the attorney's hourly rate.

7. **The time limitations imposed by the client or circumstances** – The time limitations on this case were standard for cases in the Eastern District of Virginia, but counsel was retained after this case was initiated, so the time constraints were somewhat increased. It is worth noting, too, that the *defendant* choose this forum, with its expedited litigation schedule, through the removal of this case to the Eastern District of Virginia. Additionally, the volume of documents in this case and the other difficulties described above increased time that needed to be invested to prosecute this case within those deadlines.

8. **The amount in controversy and the results obtained** – The amount in controversy in this case, pled at $1,000,000, was difficult to determine. The incidents complained of

occurred in November and December 2011. This case was filed in December 2011, and discovery closed in May 2012. The damage to the business, especially future damages, was uncertain at the start of the case, especially considering the other circumstances. As this involved a conspiracy claim, Plaintiff had limited knowledge how far the conspiracy extended, and this information was gradually revealed through discovery. Additionally, the circumstances made it difficult to prove the damages that were actually caused. The jury, however, found that actual damages were proven, and the judgment on the conspiracy claim stands at $22,500.

Given the difficulties in proving damages, the discrepancy between the amount pled and the final judgment is not an excuse to reduce the attorney fees awarded. Plaintiff filed this suit promptly in an attempt to stop the behavior of the defendant and mitigate the damages. At trial, the jury found by clear and convincing evidence that the defendant had violated state law through a conspiracy to harm Mr. Ebersole's business, and that she had caused him harm. She and her co-conspirators attacked him while he was vulnerable, mixing fact with fiction to bolster their lies. These attacks were intentional, purposeful, and without lawful justification, and the damages were difficult to prove. The award of the full attorney fees is appropriate. The fee shifting mechanism of Va. Code § 18.2-500 reimburses the Plaintiff for what it cost him to vindicate his rights, and holds the violator of state law accountable. Defendant's misconduct with her co-conspirators *created the need* for legal action, and these fees are the result of that action. *Cf.* Fox v. Vice, 131 S. Ct. 2205, 2213 (2011).

Moreover, the amount of attorney fees awarded should not be determined based on the amount of the verdict, but rather on the reasonable time it took to prosecute the case and the reasonable fees an attorney would charge for that time. Mullins, 241 Va. at 449.

9. **The experience, reputation and ability of the attorney** – These elements are detailed in the attached documentation, but they support the reasonable rates requested. Mr. Roberts, an attorney with approximately 26 years of litigation experience, is asking for rates far below those suggested by the Laffey Matrix. Mr. Bodoh's rates are roughly equivalent to those stated in the United States Attorney General's Laffey Matrix, being just $5/hr. higher. But this amount is reasonable considering Mr. Bodoh's credentials, not to mention the difficulties of the case.

10. **The undesirability of the case within the legal community in which the suit arose** – This factor weighs heavily in favor of the attorney fees requested. This was a case in which proof of damages was obviously going to be difficult from the outset for several reasons. Moreover, there was a very high risk of jury prejudice against the plaintiff, considering his prior convictions and the allegations of that he has repeatedly abused dogs. The fact that an investigation was pending related to the allegations in this case was also a substantial disincentive. Moreover, the financial condition and pending bankruptcy of the Plaintiff increased the business and litigation risks associated with taking this case. Additionally, this case had been removed to the Eastern District of Virginia with its expedited litigation schedule, which decreased the opportunity wait and see the damages actually caused to Mr. Ebersole's business. These factors could easily have dissuaded any attorney from taking this case, all but guaranteeing that Defendant would escape liability for her conspiracy to harm Mr. Ebersole's business. Plaintiff's counsel, however, chose to represent the Plaintiff in this case and in the end vindicated his rights.

**11. The nature and length of the professional relationship between attorney and client** – The attorneys of Thomas H. Roberts and Associates, P.C., had never represented or counseled the Plaintiff previously.

**12. Attorneys' fees awards in similar cases** – While the unique circumstances of this case make a comparison difficult, The case law shows that this request for attorney fees is far below what was granted in several other conspiracy to harm a business claims in Virginia. *See, e.g.*, Syed v. Zh Techs., Inc., 280 Va. 58, 73 (2010) ($644,447.35 in attorney fees and $31,943.30 in costs awarded, but award reversed when the Supreme court reversed on the conspiracy claim); Tazewell Oil Co. v. United Virginia Bank/Crestar Bank, 243 Va. 94, 111 (Va. 1992) (awarding $472,000 in attorney fees); Greenspan v. Osheroff, 232 Va. 388, 397 (Va. 1986) (awarding $90,000 in attorney fees); Advanced Mgmt. Tech., Inc. v. Overlook Sys. Techs., Inc., 2000 Va. Cir. LEXIS 215 (Va. Cir. Ct. May 5, 2000) (awarding $400,000 in attorney fees).

*The prosecution of the defamation claim does not reduce attorney fee award*

The fact that this case involved a defamation claim in addition to the conspiracy to harm a business claim should not be used to discount the attorney fees, because the facts of defamation claim were so intertwined with those of the conspiracy claim that the attorney fees would have been substantially the same even if the conspiracy claim had been brought alone. A "but-for" analysis is appropriate here. *See* Tazewell Oil Co., 243 Va. at 112; *cf.* Fox v. Vice, 131 S. Ct. 2205; 2011 U.S. LEXIS 4182 (2011) (discussing the use of the "but-for" test in the award of attorney fees on only part of the claims involved in a case). But for the defamation claim, substantially the same work would have been done and substantially the same fee would have been incurred in this case to prevail on the conspiracy claim alone.

*Concerning the award of additional costs*

On the issue of the award of costs, every successful litigant in federal court is entitled to certain costs.  *See* 28 U.S.C. §§ 1821 and 1920.  Mr. Ebersole has submitted his bill of costs with respect to these costs.  But these costs do not cover the full costs of the suit.  They do not cover, for instance, most costs incurred by Plaintiff's counsel on Mr. Ebersole's behalf.  They do not cover the costs incurred by Mr. Ebersole himself in travel and lodging related to this action, culminating in a three-day jury trial out of the state of his residence.  They do not cover the full costs of the witnesses' necessary lodging.

Under Virginia Code § 18.2-500(a), the successful plaintiff is allowed to recover "the costs of [the] suit."  These costs are not limited in the same manner the general federal costs are limited.  In fact, under Virginia Code § 17.1-626, the successful plaintiff is allowed to recover "every . . . sum which the court may deem reasonable" to the prosecution of the suit.  This provision is the premise upon which § 18.2-500 awards costs, and it is therefore implicitly part of the substantive law of § 18.2-500.  To limit the award of costs to those items permitted under *federal law* would effectively deprive Mr. Ebersole of the full recovery for prevailing on this *state claim*.  It would allow defendants to limit their exposure to costs of litigation by removing the claim to federal court.  This court should not override the will and purpose of the Virginia legislature by limiting the costs on this state claim to those permitted by Congress in every federal case.

Wherefore, for the reasons articulated herein, and in the attached and supporting documentation and the petition itself, Mr. Ebersole asks this Court to award the attorney fees and costs stated in the petition.

**RUSSELL L. EBERSOLE**
**d/b/a ABERDEEN ACRES**
**PET CARE CENTER**
  /s/ Andrew T. Bodoh, Esq.
**By Counsel**

Thomas H. Roberts, Esq. (VSB 26014)
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
**THOMAS H. ROBERTS & ASSOCIATES, P.C.**
105 South 1st Street
Richmond, Virginia 23219
Telephone:    (804) 783-2000 / Facsimile:   (804) 783-2105
*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

	I hereby certify that on August 6, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Nicholas J. Lawrence, Esq., VSB No. 76964
nlawrence@bmhjlaw.com
Steven W. Bancroft, Esq., VSB No. 18447
sbancroft@bmhjlaw.com
3920 University Drive
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
*Counsel for Defendants*

  /s/ Andrew T. Bodoh, Esq.
Thomas H. Roberts, Esq. (VSB 26014)
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
**THOMAS H. ROBERTS & ASSOCIATES, P.C.**
105 South 1st Street
Richmond, Virginia 23219
Telephone:(804) 783-2000 /Facsimile:(804) 783-2105
**Counsel for RUSSELL L. EBERSOLE**
**d/b/a ABERDEEN ACRES**
**PET CARE CENTER**